Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHRISTOPHER O'BRIEN,

Plaintiff,

v.

COMPASS GROUP USA, INC., *et al.*,

Defendants.

Civil Action No. 17-13327 (ES) (JSA)

OPINION

SALAS, DISTRICT JUDGE

Before the Court is plaintiff Christopher O'Brien's ("Plaintiff") appeal of the Honorable Magistrate Judge Joseph A. Dickson's January 26, 2021 Order denying Plaintiff's request for reconsideration (D.E. No. 92 ("Reconsideration Order")) of an earlier Order partially denying Plaintiff's motion to amend his complaint (D.E. No. 85 ("MTA Order")). (D.E. No. 96 ("Appeal Br.")).[1] Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed R. Civ. P. 78(b); L. Civ. R. 78.1(b). As set forth below, the Court AFFIRMS the Orders.

I. BACKGROUND

Plaintiff filed this lawsuit individually and on behalf of others similarly situated to recover damages for unpaid wages. The defendants—Compass Group USA, Inc., Compass One, LLC, and Compass 2K12 Services, LLC (together, the "Compass Defendants")—provide food services

---

[1] The appeal was docketed as an appeal of the Reconsideration Order, and Plaintiff's arguments address the merits of that Order. (*See generally* Appeal Br.). However, Plaintiff seems to appeal the merits of the MTA Order as well. (*Id.* at 1). Regardless of which order or orders Plaintiff contests, the Court considers what it understands to be Plaintiff's chief argument—that Judge Dickson clearly erred in denying leave to amend based on Plaintiff's undue delay. *See* Section III *infra*.

-1-

and support to offices, factories, schools, universities, hospitals, correctional facilities, and other individual locations all over the state of New Jersey and North America.  (D.E. No. 86, Second Amended Complaint (or "SAC") ¶¶ 12–13).  From 2011 to 2017, Plaintiff was an hourly-paid employee of the Compass Defendants, working as a food services associate and cook in the Hackensack school district.  (*Id.* ¶¶ 31 & 60).

Plaintiff alleges that there was a discrepancy between how hourly employees recorded time (using a time-clock system that recorded time in $1/60^{th}$ of an hour intervals) and how the Compass Defendants' payroll software system accepted time (number of hours and minutes worked converted into a decimal), causing him and other employees to be underpaid.  (*Id.* ¶¶ 17, 20–21 & 35).  For example, if an hourly employee worked a total of thirty hours and thirty minutes, the timecard would reflect this time as 30 hours and 30 minutes, which should convert to 30.5 hours in the payroll system.  (*Id.* ¶ 21).  But Plaintiff alleges that proper conversion did not always occur, resulting in pay discrepancies.  (*Id.* ¶ 35).

Plaintiff filed the original complaint in state court on November 16, 2017, and the Compass Defendants removed the case to this Court on December 20, 2017.  (*See* D.E. No. 1, Notice of Removal ¶ 1).  In the original complaint, Plaintiff brought claims for unjust enrichment, breach of contract, common law fraud, breach of fiduciary duty, and negligence.  (Notice of Removal, Exhibit A ("Original Complaint") ¶¶ 62–90).  In addition to suing the Compass Defendants, Plaintiff sued Chartwells Higher Education Dining Services, Lathem Time, Inc., and Jane and John Does and Fictitious corporations.  (*See generally id.*).

The Compass Defendants and Lathem Time moved to dismiss the Original Complaint.  (D.E. Nos. 16 & 18).  Former Chief Judge Linares granted those motions and dismissed the Original Complaint without prejudice, finding that Plaintiff failed to assert sufficient allegations

to put the defendants on notice of which claims were asserted against which defendants. (D.E. No. 27). Thereafter, on April 4, 2018, Plaintiff filed the first amended complaint, alleging claims for breach of contract, breach of implied contract, and civil conspiracy. (D.E. No. 28 ("FAC") ¶¶ 79–96). The Compass Defendants and Lathem Time moved to dismiss the FAC. (D.E. Nos. 29 & 31). In an opinion and corresponding order dated October 1, 2018, Judge Linares granted Lathem Time's motion and granted-in-part and denied-in-part the Compass Defendants' motion. (D.E. Nos. 44 & 45). Judge Linares granted the Compass Defendants' motion as to the civil conspiracy claim and denied the motion as to the contract claims. (D.E. No. 45).

On March 18, 2020, Plaintiff filed a motion to amend the FAC. (D.E. No. 76). Plaintiff sought leave to remove Lathem Time from the FAC, correct certain factual allegations, and add causes of action under the "New Jersey Wage Collection Act" and for unjust enrichment. (D.E. No. 76-1 at 8). Plaintiff claimed that discovery revealed new information about why the pay shortage occurred, and that the amendment would not prejudice the Compass Defendants. (*Id.* at 8–9). On October 22, 2020, Judge Dickson granted Plaintiff's motion to the extent he sought to add new factual allegations but denied it to the extent he sought to add new claims because of Plaintiff's undue delay in seeking that amendment. (D.E. Nos. 85 & 88). Plaintiff filed the Second Amended Complaint on October 27, 2020, removing Lathem Time as a defendant and adding new factual allegations. (D.E. No. 86). Thereafter, on November 5, 2020, Plaintiff sought reconsideration of Judge Dickson's decision. (D.E. No. 89). On January 26, 2021, Judge Dickson denied the motion for reconsideration. (Reconsideration Order).[2] This appeal follows.

## II.   LEGAL STANDARDS

"Appeals from the orders of magistrate judges are governed by Local Civil Rule 72.1(c)."

---

[2]   In light of Judge Dickson's retirement, this case was reassigned to the Honorable Magistrate Judge Jessica S. Allen on February 22, 2021.

*McDonough v. Horizon Blue Cross Blue Shield of N.J., Inc.*, No. 09-0571, 2013 WL 322595, at *2 (D.N.J. Jan. 22, 2013). The standard of review of a magistrate judge's decision depends on whether the magistrate judge addressed a dispositive or non-dispositive issue. *Id.* Motions to amend a complaint are generally non-dispositive. *See Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998), *as amended* (Sept. 8, 1998); *31-01 Broadway Assocs., LLC v. Travelers Cas. & Sur. Co.*, No. 17-6292, 2019 WL 5061320, at *3 (D.N.J. Oct. 10, 2019).

On appeal of a non-dispositive order, a district court may modify or set aside a magistrate judge's order if it was clearly erroneous or contrary to law. *Eisai Co., Ltd. v. Teva Pharm. USA, Inc.*, 629 F. Supp. 2d 416, 424 (D.N.J. 2009); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). "A Magistrate Judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed." *Coyle v. Hornell Brewing Co.*, No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) (quoting *Kounelis v. Sherrer,* 529 F. Supp. 2d 503, 518 (D.N.J. 2008)); *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A [ruling] is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). "The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (quoting *Cardona v. Gen. Motors Corp.*, 942 F. Supp. 968, 971 (D.N.J. 1996)). However, "where a magistrate judge is authorized to exercise [his] discretion, the decision will be reversed only for an abuse of discretion." *Rhett v. N.J. State*, No. 07-1310, 2007 WL 1456199, at *2 (D.N.J. May 14, 2007).

### III. ANALYSIS

Plaintiff challenges Judge Dickson's conclusion that Plaintiff has never sufficiently explained why his unjust enrichment and New Jersey Wage and Hour Law claims could not have been asserted earlier, and he grounds his argument in the procedural history and factual record of this case. The Court thus understands Plaintiff to argue that Judge Dickson's finding of undue delay was "clearly erroneous," and that reconsideration was necessary to correct clear error and/or to prevent manifest injustice. *See Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (explaining that a motion for reconsideration may be granted if the moving party shows the need to correct a clear error of law or fact or to prevent manifest injustice). The Court disagrees.

Judge Dickson denied Plaintiff's motion to amend based on Plaintiff's undue delay in seeking the amendment. (D.E. No. 88). In seeking reconsideration of that decision, Plaintiff argued that any delay on his part was because of the Compass Defendants' "dilatory behavior" and that it was not until the December 17, 2019 deposition of the Compass Defendants' corporate designee that he learned that the payroll issue was a company-wide problem that the Compass Defendants never addressed. (*See* D.E. No. 89 at 12–14).[3]

In the Reconsideration Order, Judge Dickson explained the following regarding undue delay as a basis for denying a motion to amend:

> "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) (citing *Cureton*, 252 F3d at 273). "Thus, while bearing in mind the liberal pleading philosophy of the federal rules, the question of undue delay requires that we focus on the movant's reasons for not amending sooner." *Id.* (internal citation

---

[3]  Plaintiff also argued that there was no prejudice to the Compass Defendants by allowing the claims to proceed, but because Judge Dickson did not deny the motion on these grounds (Reconsideration Order at 5), the Court does not address these arguments.

>  omitted). *Cureton*, 252 F3d at 273. We must then balance those reasons against the burdens that the movant's delayed amendment would impose upon the District Court. *Bjorgung*, 550 F.3d at 266 (citing *Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 520 (3d Cir. 1988)).

(Reconsideration Order at 5).  In applying that standard, Judge Dickson was not persuaded that any alleged delays in discovery made it impossible for Plaintiff to seek amendment earlier.  Judge Dickson pointed out that Plaintiff included an unjust enrichment claim in the Original Complaint and was permitted to, but did not, replead that claim in the FAC.  (*Id.* at 6–7).  In other words, Judge Dickson explained, it was not clear why Plaintiff could not have reasserted his unjust enrichment claim at an earlier stage of the litigation.  Judge Dickson also concluded that Plaintiff had not sufficiently shown what new information revealed the Compass Defendants' potential liability under New Jersey statutory law.  (*Id.* at 7).  Without a satisfactory explanation as to these basic issues, Judge Dickson concluded that Plaintiff failed to identify any manifest error of law or fact in the Court's MTA Order and therefore did not establish a basis for reconsideration.  (*Id.*).

In the instant appeal, Plaintiff explains these issues by offering a more detailed version of the explanation that he gave to Judge Dickson.  First, with respect to the unjust enrichment claim, Plaintiff claims that he could not have repleaded that claim because it was barred by the economic loss doctrine.  As a preliminary matter, contrary to Plaintiff's assertion, the Compass Defendants did not argue that Plaintiff's *unjust enrichment* claim was barred by the economic loss doctrine.  (D.E. No. 16-1 at 10–12 (arguing that Plaintiff's fraud and negligence claims are barred by the economic loss doctrine)).  Regardless, Plaintiff suggests that his unjust enrichment claim was barred by the doctrine because that claim did not involve misrepresentations unrelated to the performance of the contract.  (Appeal Br. at 3 (ECF Pagination)).  And he says that it was not until he learned that the Compass Defendants were shorting their employees "willfully" or "negligently" that it became clear that the economic loss doctrine no longer barred the unjust enrichment claim.

(*Id.* at 4). But the key to distinguishing a breach of contract claim from an unjust enrichment claim is showing that the parties' rights and obligations are not governed by the existing contract. *Suburban Transfer Serv., Inc. v. Beech Holdings, Inc.*, 716 F.2d 220, 226–27 (3d Cir. 1983) ("Quasi-contract liability will not be imposed . . . if an express contract exists concerning the identical subject matter."). Thus, it is not clear why evidence of misrepresentations, willfulness, or negligence is relevant to pleading an unjust enrichment claim, which requires allegations that the defendant received a benefit and that retention of that benefit without payment would be unjust. And as Judge Dickson pointed out, Plaintiff has apparently known facts relevant to that claim since the outset of this lawsuit. (*See* Original Complaint ¶¶ 62–67 (alleging that "Defendants have received the benefit of Plaintiff's work without compensating the Plaintiff," and "[a]s a matter of equity, Defendants should not be allowed to prosper and profit at Plaintiff's expense")).

Second, regarding the proposed claim under the New Jersey Wage and Hour Law, Plaintiff claims that he did not have a factual basis for this claim until the Compass Defendants' 30(b)(6) witness testified on December 17, 2019. (Appeal Br. at 4 (ECF Pagination)). It was during that deposition, Plaintiff claims, that he learned that the shorted-wage issue was not "some fluke," and that it was the result of the Compass Defendants' systematic failure to train or notify their employees about the difference between how time was recorded and how it was accepted in the company's payroll software. (*Id.* at 4–8). But Plaintiff's Original Complaint belies his assertion that these facts were not apparent until the December 2019 deposition. Indeed, from the outset of this litigation, Plaintiff was aware of the discrepancy between how time was recorded and how it was accepted in the company's payroll software. (Original Complaint ¶¶ 33–43). And Plaintiff claimed that the Compass Defendants and other agents "failed to accurately record and input the precise total hours worked by each employee into their payroll software thereby resulting in an

incorrect calculation of the employees' wages." (*Id.* ¶ 2). Plaintiff further alleged that the Compass Defendants maintained a "company-wide policy of not paying hourly-paid employees for all time worked," and "perpetuated the abuse of their employees by effectively acknowledging that they were not paying their hourly-paid employees the correct wage." (*Id.* ¶¶ 45 & 61). Finally, Plaintiff alleged that the Compass Defendants were negligent in failing to implement accurate payroll calculations and failing to monitor and verify the accuracy of their payroll methods. (*Id.* ¶ 87). In other words, Plaintiff believed that the payroll discrepancy was not "some fluke," but rather a systematic problem since the outset of this lawsuit.[4] Based on the foregoing, Judge Dickson's finding that Plaintiff "has never sufficiently explained *why* he could not have asserted his . . . New Jersey Wage and Hour Law at an earlier stage of this litigation" (Reconsideration Order at 7) is not clearly erroneous or contrary to law.

In sum, Judge Dickson's decision to deny leave to amend based on undue delay is not clearly erroneous or contrary to law.[5]

## IV.   CONCLUSION

For the foregoing reasons, the MTA Order and the Reconsideration Order are AFFIRMED. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[4] Plaintiff seems to acknowledge that he originally believed there was a systematic problem at Compass, but he claims that information he learned in discovery "destroyed" his theory and path to recovery until the 30(b)(6) deposition. (Appeal Br. at 4–5 (ECF Pagination)). Specifically, he explains that he learned in March 2019 that there was no uniform method of tracking employee time or timecards from the Plaintiff's location, leaving him unable to allege how there was a systematic short to all employees. (*Id.* at 5). However, it is not clear that this information "destroys" any theory that there was a systematic problem at Compass. Even if it did, Plaintiff states that he learned this information in March 2019, and he does not explain why he continued without seeking leave to amend from November 2017 (when he initiated this lawsuit) to March 2019 (when he learned this information).

[5] The Undersigned does not opine on Plaintiff's request to file a motion to compel certain discovery (Reply Br. at 17), which is a matter best left to determination by Magistrate Judge Allen. Plaintiff may renew any such request in a separate filing on the docket.