Not for Publication

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHRISTOPHER O'BRIEN,** | Civil Action No.: 17-13327 (ES) (JSA) |
| Plaintiff, | |
| v. | **OPINION** |
| **COMPASS GROUP USA, INC.,** *et al.*, | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court upon Compass Group USA, Inc., Compass One, LLC, and Compass 2K12 Services, LLC's ("Defendants" or "Compass Defendants"), appeal of the Honorable Jessica S. Allen U.S.M.J.'s March 8, 2023, Text Order (D.E. No. 132 ("Rule 11 Order")) denying, without prejudice, the Compass Defendants' request for leave to file a motion pursuant to Federal Rule of Civil Procedure 11, as premature. (D.E. No. 153 ("Motion")). Having considered the Parties' submissions, the Court decides this matter without oral argument. *See* Fed R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth herein, the Court **AFFIRMS** Judge Allen's Rule 11 Order.

**I.   BACKGROUND**

   **A.   Factual Background**

Plaintiff filed this lawsuit individually and on behalf of others similarly situated to recover damages for unpaid wages. (D.E. No. 86 ("Second Amended Complaint" or "SAC")). The Compass Defendants provide food services and support to offices, factories, schools, universities, hospitals, correctional facilities, and other individual locations all over the state of New Jersey and North America. (*Id.* ¶¶ 12–13). From 2011 to 2017, Plaintiff was an hourly-paid employee of the

Compass Defendants, working as a food services associate and cook in the Hackensack School District. (*Id.* ¶¶ 31 & 60). As part of his employment with the Compass Defendants, Plaintiff joined the Service Employees International Union, Local Chapter 32BJ ("SEI Union"). (*Id.* ¶ 32). At some point in October 2015, Plaintiff noticed discrepancies in the wages he received from the Compass Defendants. (*Id.* ¶ 33). Specifically, Plaintiff noticed Defendants' timeclock "worked in 1/60th of an hour interval," but its payroll software recorded "hours worked in intervals of 1/100th," which shorted Plaintiff's time worked. (*Id.* ¶¶ 20–21 & 35). Because Plaintiff's employment with the Compass Defendants was governed by a Collective Bargaining Agreement ("CBA"), Plaintiff was subject to the grievance process identified in the CBA which included a requirement that Plaintiff "first discuss any pay disputes with his designated [SEI Union] representative." (*Id.* ¶ 36). As such, upon noting the discrepancy, Plaintiff brought his concerns "to the attention of his then [SEI Union] representative, Ms. Edith Villa-Vincenzio." (*Id.* ¶ 37). After speaking with Plaintiff, Ms. Villa-Vincenzio allegedly engaged in research and then reported to Plaintiff "that she did not have a solution for his complaint." (*Id.* ¶ 40). Thereafter, on or about January 6, 2016, Plaintiff brought the wage discrepancies to the attention of his manager, Ms. Catherine Scotto, who was employed by the Compass Defendants. (*Id.* ¶ 40). On approximately March 6, 2016, Plaintiff—once again—discussed the issue with Ms. Scotto who then set up a meeting with Ms. Helen McKenna, the District Manager for the Compass Defendants' Mid-Atlantic region. (*Id.* ¶ 45).

On May 9, 2016, Plaintiff received a letter from Ms. McKenna and Ms. Scotto asserting that Plaintiff's "time was being paid correctly and there was no wage-shorting occurring." (*Id.* ¶ 49). Plaintiff was unsatisfied with the Compass Defendants' position, and contacted his SEI Union representative again to inquire whether there were any available options to him and the SEI Union.

2

(*Id.* ¶ 50). Ms. Villa-Vincenzio again communicated to Plaintiff that "there was little or nothing that could be done to rectify the problem other than the investigation that had already taken place." (*Id.* ¶ 51). After Ms. Villa-Vincenzio was replaced as SEI Union representative, Plaintiff alleges that he brought his wage complaint to her replacement, Peter Silva. (*Id.* ¶¶ 56 & 57). Mr. Silva did not address Plaintiff's wage concerns despite Plaintiff's numerous attempts to communicate with Mr. Silva and Plaintiff's threats to file grievances against Mr. Silva for breach of fiduciary duty. (*Id.* ¶ 58). Plaintiff alleges that he was terminated on approximately June 30, 2017, when the Compass Defendants' contract with the Hackensack School District ended. (*Id.* ¶ 60).

      **B.**      **Procedural History**

Plaintiff initiated this action against the Compass Defendants in the Superior Court of New Jersey, Bergen County, on November 16, 2017. (*See* D.E. No. 1 ("Notice of Removal") Ex. A ("Original Complaint")). The Compass Defendants removed the case to this Court on December 20, 2017. (*See* Notice of Removal ¶ 1). In the Original Complaint, Plaintiff brought claims for unjust enrichment, breach of contract, common law fraud, breach of fiduciary duty, and negligence. (Original Complaint ¶¶ 62–90). In addition to suing the Compass Defendants, Plaintiff sued Chartwells Higher Education Dining Services, Lathem Time, Inc. ("Lathem"), Jane and John Does, and Fictitious Corporations. (*See generally id.*). The Compass Defendants and Lathem moved to dismiss the Original Complaint. (D.E. Nos. 16 & 18). The Honorable Jose L. Linares, U.S.D.J., granted those motions and dismissed the Original Complaint without prejudice, finding that Plaintiff failed to assert sufficient allegations to put the defendants on notice of which claims were asserted against which defendants. (D.E. No. 27).

Thereafter, on April 4, 2018, Plaintiff filed the first amended complaint, alleging claims for breach of contract, breach of implied contract, and civil conspiracy. (D.E. No. 28 ("First

3

Amended Complaint" or "FAC") ¶¶ 79–96). Plaintiff brought his claims on behalf of himself and all other hourly wage employees of the Compass Defendants who were deprived hourly wages. (*Id.* ¶ 66). The Compass Defendants and Lathem then moved to dismiss the First Amended Complaint. (D.E. Nos. 29 & 31). The Compass Defendants contended that Plaintiff's breach of contract and breach of implied contract claims were preempted by the Labor Management Relations Act ("LMRA") because the only contract that covered Plaintiff's employment was a collective bargaining agreement. As such, the Compass Defendants contended that Plaintiff's breach of contract and breach of implied contract claims should be dismissed because the LMRA sets forth a statute of limitations of six months in which to bring a civil action and the statute of limitations had expired before Plaintiff initially filed suit. (D.E. No. 29-1 at 15). Further, both the Compass Defendants and Lathem argued that Plaintiff had failed to state a claim for civil conspiracy. In an Opinion and corresponding Order dated October 1, 2018, Judge Linares granted Lathem's motion and granted-in-part and denied-in-part the Compass Defendants' motion. (D.E. Nos. 44 & 45). Specifically, Judge Linares granted Lathem's motion and the Compass Defendants' motion as to the civil conspiracy claim. (D.E. Nos. 44 & 45). However, Judge Linares denied the Compass Defendants' motion as to the breach of contract and breach of implied contract claims. (D.E. Nos. 44 & 45). In denying the motion as to the breach of contract and breach of implied contract claims, Judge Linares noted that those claims were subject to the six-month limitations period for the LMRA because they concerned matters covered by a CBA. (D.E. No. 44 at 8–9). And as such, because those claims arose under the LMRA, Plaintiff was required to first exhaust the grievance procedure available under the CBA before seeking judicial enforcement of contractual rights. (*Id.* at 9). Nevertheless, Judge Linares found that Plaintiff had adequately shown that he timely brought his breach of contract and breach of implied contract claims and as

4

such denied the Compass Defendants' motion to dismiss those claims. (*Id.* at 9–10). Thereafter, the Compass Defendants filed an Answer to the First Amended Complaint on October 29, 2018. (D.E. No. 48).

On September 3, 2019, the Honorable Joseph A. Dickson, U.S.M.J., ordered that discovery in this matter be partitioned into three separate stages: stage one would cover the Class allegations for the Hackensack School District, stage two would cover the Class allegations for the rest of the state of New Jersey, and stage three would cover the Class allegations outside of the state of New Jersey. (D.E. No. 58). Subsequently, the Parties engaged in stage one discovery, which was limited to the Hackensack School District where Plaintiff worked. (D.E. No. 133-1 ("Moving Brief" or "Mov. Br.") at 2). After stage one discovery was underway, on February 14, 2020, the Compass Defendants "sent a letter to the Court stating that (1) further discovery was unnecessary because the contract at issue [in this case] covers the Hackensack School District only; (2) the alleged timekeeping error resulted from human error, not a systemic problem at [the] Compass [Defendants]; (3) Plaintiff lacked standing to bring this suit because he failed to follow proper union grievance procedures required by the CBA; and (4) Plaintiff's claims are barred by the statute of limitations." (*Id.*). As such, the Compass Defendants requested that the Court issue a scheduling order and allow Plaintiff to file the class certification motion and allow the Compass Defendants to move for summary judgment. (*Id.* (citing D.E. No. 68)). On March 18, 2020, Plaintiff filed a motion to amend the First Amended Complaint. (D.E. No. 76). Plaintiff sought leave to remove Lathem from the First Amended Complaint, correct certain factual allegations, and add causes of action against the Compass Defendants under the "New Jersey Wage Collection Act" and for unjust enrichment. (D.E. No. 76-1 at 8). On October 22, 2020, Judge Dickson granted Plaintiff's motion to the extent he sought to add new factual allegations but denied it to the extent

5

he sought to add new claims because of Plaintiff's undue delay in seeking that amendment. (D.E. Nos. 85 & 88). Thereafter, on October 27, 2020, Plaintiff filed the Second Amended Complaint removing Lathem as a defendant and adding new factual allegations. (D.E. No. 86).

On November 5, 2020, Plaintiff sought reconsideration of Judge Dickson's decision which was denied on January 26, 2021. (D.E. Nos. 89 & 92). On February 23, 2021, Plaintiff filed an appeal of Judge Dickson's denial to the motion for reconsideration to this Court. (D.E. No. 96). On September 30, 2021, this Court held that Judge Dickson's finding that Plaintiff 'has never sufficiently explained why he could not have asserted his unjust enrichment claim and New Jersey Wage and Hour Law at an earlier stage of this litigation' [was] not clearly erroneous or contrary to law." (D.E. No. 105 at 7–8).

After stage one discovery continued to proceed in this matter, on April 11, 2022, Judge Allen[1] held a Telephone Status Conference to discuss the parties' unresolved discovery disputes. (D.E. No. 113). The following day, on April 12, 2022, Judge Allen entered an Order addressing several discovery related concerns and instructing the Parties to proceed as follows:

> With respect to the [P]arties' dispute concerning the necessity and appropriateness of statewide class pre-certification discovery ("Stage 2 discovery"), Plaintiff shall file an opening letter brief of 10 (ten) pages or less on or before May 5, 2022, and Compass [Defendants] shall file a responsive letter brief of 10 (ten) pages or less on or before May 16, 2022, addressing: (i) what impact, if any, the collective bargaining agreement, governing the terms and conditions of Plaintiff's employment and giving rise to Plaintiff's Labor Management Relations Act [("LMRA")] breach of contract claims, has on the necessity and appropriateness of conducting Stage 2 discovery . . . . The [P]arties shall include any legal support for their respective positions.

(D.E. No. 114 ¶ 6).

---

[1] This case was reassigned to Judge Allen on February 22, 2021.

On May 5, 2022, Plaintiff submitted a letter brief in response to Judge Allen's order. (D.E. No. 115). In the brief, Plaintiff asserted that only two causes of action exist in the Second Amended Complaint: (i) a breach of contract claim and (ii) an implied breach of contract claim, "both of which allege unpaid wages by [the] Compass Defendants." (D.E. No. 116 at 1). Moreover, Plaintiff argued that the claims were intended to focus on the Compass Defendants' alleged wage-shortening of Plaintiff and other "employees similarly situated in New Jersey and the entire United States." (*Id.*). Plaintiff also argued that the Compass Defendants' conduct, which led to the breach of contract claim, was "prohibited by laws like the New Jersey Wage Payment Law, N.J. Stat. Ann. § 34:11-4.4 [("NJWPL")]; a law which mandates that employees be paid properly." (*Id.*). Further, Plaintiff reasoned that although the Court did not allow Plaintiff to amend the Complaint to include a NJWPL claim, Plaintiff believes that

> there is a claim under the NJWPL that provides for statutory penalties against an employer for knowingly failing to pay wages and for retaliation against employees seeking redress, there is no private right of action created by the NJWPL to collect unpaid wages; thus the only way to collect unpaid wages under the NJWPL is through a breach of contract action, and those claims have been pending against the Compass Defendants since November 14, 2017. *See* N.J. Stat. Ann. § 34:11–4.10 and § 34:11–66.

(*Id.* at 2). Plaintiff also claimed that the CBA at issue in this case, has no impact on the claims alleged because the CBA "does not mention wage-shorting, either by mistake or intent, nor does it address any issue that would need to be interpreted by a jury." (D.E. No. 116 at 3). Plaintiff acknowledged that courts in this Circuit have interpreted the LMRA as authorizing federal courts to fashion a body of common law for the enforcement of collective bargaining agreements in order to provide uniform interpretation of contract terms and have stated that claims based squarely on a collective bargaining agreement or requiring analysis of its terms are preempted by the LMRA. (*Id.* at 4). Nevertheless, according to Plaintiff, because the CBA at issue in this case has no impact

7

on the claims alleged, Plaintiff maintained that the LMRA does not preempt his claims, and thus, Plaintiff is "not required to abide by the grievance procedure outlined by the [CBA]." (*Id.* at 3–4).  Still, Plaintiff acknowledged that Judge Linares already found that Plaintiff did follow the grievance procedure outlined by the CBA.  (*Id.* at 3).  Lastly, as it related to stage 2 discovery, Plaintiff's filing maintained that "the limitations of the CBA and the LMRA do not constrain [] Plaintiff's allegations and there is no reason to believe that, as alleged, wage shorting was not occurring throughout all of Compass." (*Id.* at 6).  Therefore, Plaintiff asserted that he is entitled to stage 2 discovery to obtain "payroll and training records for the state of New Jersey for all unionized and non-union employment locations for the previous ten years, and the previously requested testimony from a 30(b)6 witness that is specific to the state of New Jersey." (*Id.*).

The Compass Defendants submitted their response on May 16, 2022, arguing that Plaintiff was limited to the allegations in the Second Amended Complaint and Plaintiff "never pleaded a statutory wage and hour claim and cannot do so now." (D.E No. 117 at 6).  Consequently, the Compass Defendants maintained that "Plaintiff's breach of contract claim is limited by the CBA, which only pertains to the Hackensack School District." (*Id.*). Therefore, the Compass Defendants maintained that Stage 2 discovery is completely unnecessary and inappropriate." (*Id.* at 7).

In response to the Parties' submissions, Judge Allen held a telephone conference on November 1, 2022.  (D.E. No. 119 (the "Telephone Conference")).  During the Telephone Conference, Judge Allen and Plaintiff's Counsel, Mr. Michael H. Bowman, Esq., engaged in a dialogue in which Mr. Bowman stated that after "reevaluat[ing] the case and the applicability of the LMRA," . . . Plaintiff couldn't "find any set of facts that-where the LMRA is applicable to [breach of contract and breach of implied contract]." (D.E. No. 121 at 30).  In response, Judge Allen emphasized that "the LMRA . . . Gives rise to the breach of contract and implied breach of

8

contract claims," which were the "only legal claims asserted in this case." (*Id.* at 32). Judge Allen also stated that, "the only legal claims in this case are for breach of contract and implied breach of contract that rise under the-the LMRA. Period." (*Id.* at 38). Mr. Bowman also later reiterated that "we can say definitively that the LMRA does not apply here." (*Id.* at 37). Following the hearing on November 1, 2022, Judge Allen issued an Order on November 2, 2022, ordering the Parties to proceed with stage 2 discovery and directing "any [P]arty contemplating filing any formal motions [to] first seek leave of court." (D.E. No. 120).

On November 21, 2022, the Compass Defendants submitted a letter to Plaintiff, giving Plaintiff notice that, because of Plaintiff's admission that the claims in this action are not viable, if "Plaintiff refuses to voluntarily dismiss the [Second Amended Complaint]" the Compass [Defendants would] file a motion for sanctions based upon the frivolous nature of Plaintiff's pleading." (D.E. No. 122). Thus, the Compass Defendants argued that, "[p]ursuant to Fed. R. Civ. P. 11(c)(2), Plaintiff's [Second Amended Complaint] must be withdrawn by December 12, 2022, to avoid Compass[] [Defendants'] motion from being filed with the Court." (*Id.* at 2).

On December 8, 2022, Plaintiff affirmed that he had no intention of withdrawing the Second Amended Complaint. (D.E. No. 125). Accordingly, on December 20, 2022, the Compass Defendants advised the court that its Rule 11 motion was ripe and renewed its request for leave to file the motion. (D.E. No. 126). Judge Allen issued a letter Order dated January 11, 2023, reiterating that "on October 1, 2018, the Honorable Jose Linares, U.S.C.D.J. (Ret.), issued an Opinion and Order, construing Plaintiff's two breach of contract claims (Counts I and II) as arising under the [LMRA] because they 'concern matters covered by a CBA,' and allowing these two LMRA claims to proceed based on that determination." (D.E. No. 127 at 1). Judge Allen then ordered Plaintiff to "address[] why a voluntary dismissal of this action for LMRA based claims,

9

pursuant to Federal Rule of Civil Procedures 41(a), is not appropriate at this time . . . [i]n light of Plaintiff's counsels' recent acknowledgements regarding the inapplicability of [] LMRA to his remaining legal claims." (*Id.* at 1–2).

On January 19, 2023, Plaintiff filed a response indicating that Plaintiff's Counsel, Mr. Bowman, may have misconstrued the remaining claims in this case during the November 1, 2022, Telephonic Status Conference. (D.E. No. 128). Specifically, Plaintiff explained that "[w]hen Mr. Bowman was speaking regarding the applicability of the LMRA to [Plaintiff], he was referring to one of the two aspects of [Plaintiff] as the proposed class representative." (*Id.*). However, Mr. Bowman clarified that there are "viable LMRA claims and viable non-LMRA claims alleged in this case." (*Id.*). Specifically, though Plaintiff does not dispute that the LMRA applies to his claims as an individual and to those unionized employees who were affected, he clarified that because Plaintiff is a proposed class representative for all of the Compass Defendants' hourly-paid employees, Plaintiff has an obligation to pursue the claims for non-union members as well, which are not governed by the LMRA. (*Id.*). Further, Plaintiff stated that the Compass Defendants never challenged Plaintiff's standing to represent every hourly-wage employee who was shorted—both union and non-union. (*Id.*). Indeed, Plaintiff asserts that the Compass Defendants have only challenged Plaintiff's standing to bring an LMRA claim for the Hackensack School District—and that challenge was denied by Judge Linares. (*Id.*). Therefore, Plaintiff asserted that a voluntary dismissal of Plaintiff's claims would be inappropriate and provided that if this Court decides that the non-LMRA claims included in the breach of contract cause of action, i.e., claims for non-unionized employees, are extinguished, then Plaintiff respectfully requested the ability to brief the issue. (*Id.*). On January 23, 2023, the Compass Defendants wrote to the Court urging the Court to sanction Plaintiff under Rule 11 if Plaintiff did not voluntarily dismiss this case because Plaintiff

has refused to accept the Court's holding that his only remaining claims are for breach of contract and breach of implied contract under the LMRA. (D.E. No. 129). On January 24, 2023, Plaintiff submitted a response maintaining that (i) "Plaintiff[] ha[s] long advocated that the breach of contract claim in this case covered LMRA and non-LMRA claims;" (ii) "Plaintiff has repeatedly asserted that this case is about every employee and not just those" employed within Plaintiff's district of employment; and finally, (iii) Plaintiff argued that "in any event, dismissal of the case would not be appropriate under Rule 41(a), as the only claims that invoked the LMRA were related to the CBA at the Hackensack School District, and it is believed that discovery there is mostly complete, thus the next steps would be related to expert opinions and motions for remand, class certification, and/or summary judgment." (D.E. No. 130).

On March 8, 2023, Judge Allen issued an Order, which addressed the Compass Defendants' request for sanctions and stated as follows:

> Defendants' request for leave to file a Motion pursuant to Fed. R. Civ. P. 11 is Denied without prejudice as premature. Defendants may renew their request to file a Rule 11 Motion in conjunction with any dispositive motions after the close of pre-certification fact and expert discovery. Consistent with this Court's prior order of 11/2/22, (ECF No. 120), the [P]arties shall meet and confer on serving narrowly tailored written discovery requests regarding the remaining legal claims and defenses in the action. The [P]arties shall submit a joint letter on or before March 22, 2023, addressing whether they have reached agreement on the scope of such discovery requests, and include a proposed Amended Scheduling Order for the completion of statewide and nationwide pre-certification fact discovery and expert discovery.

(D.E. No. 132 ("Rule 11 Order")). On March 22, 2023, Defendants filed an appeal of the Rule 11 Order. (D.E. No. 133; *see also* Mov. Br.). On March 22, 2023, the Parties also submitted a joint letter to Judge Allen communicating that they were unable to come to an agreement on the scope of discovery. (D.E. No. 134). On March 30, 2023, Judge Allen referred this matter to mediation and administratively terminated the matter pending mediation. (D.E. No. 137). Mediation was

11

unsuccessful. (D.E. No. 148). Because mediation was unsuccessful, on October 27, 2023, Judge Allen informed the Compass Defendants that they could reinstate their appeal of the Rule 11 Order. (D.E. No. 149). On October 27, 2023, Plaintiff filed a letter requesting "permission to file a motion for clarification to the District Court regarding Judge Linares' Order dated October 1, 2018," to determine whether that Order indicates that there are only LMRA claims in this case. (D.E. No. 150). The Compass Defendants opposed on October 30, 2023. (D.E. No. 151). On October 31, 2023, Judge Allen entered a Text Order denying Plaintiff's request, and permitting Plaintiff to "include, in his anticipated opposition to [the Compass] Defendants' appeal, the request seeking clarification of Judge Linares' October 1, 2018 Order and citing the applicable Rules, if any, in support of his request." (D.E. No. 152). On October 31, 2023, the Compass Defendants filed a Renewed Notice of Appeal of the Rule 11 Order, pursuant to Fed. R. Civ. P. 72 and L. Civ. R. 72.1(c). (D.E. No. 153). The Motion is fully briefed. (Mov. Br.; D.E. No. 154 ("Opp. Br."); D.E. No. 155 ("Reply")).

## II.     LEGAL STANDARD

"Appeals from the orders of magistrate judges are governed by Local Civil Rule 72.1(c)." *McDonough v. Horizon Blue Cross Blue Shield of N.J., Inc.*, No. 09-0571, 2013 WL 322595, at \*2 (D.N.J. Jan. 22, 2013). The standard of review of a magistrate judge's decision depends on whether the magistrate judge addressed a dispositive or non-dispositive issue. *Id.* On appeal of a non-dispositive order, such as the Rule 11 Order entered by Judge Allen in this case, a district court may modify or set aside a magistrate judge's order if it was clearly erroneous or contrary to law. *Eisai Co., Ltd. v. Teva Pharm. USA, Inc.*, 629 F. Supp. 2d 416, 424 (D.N.J. 2009); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). Generally, a "[m]agistrate [j]udge has broad discretion to deny a request for sanctions." *Huertas v. Transunion, LLC*, No. 08-2009, 2009 WL 936858, at \*2

(D.N.J. April 3, 2009) (citing *Silver v. American Inst. of Certified Public Accountants*, 212 Fed. App'x 82, 86–87 (3d Cir. 2006)).

"A Magistrate Judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed." *Coyle v. Hornell Brewing Co.*, No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) (quoting *Kounelis v. Sherrer,* 529 F. Supp. 2d 503, 518 (D.N.J. 2008)); *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A [ruling] is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). "The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (quoting *Cardona v. Gen. Motors Corp.*, 942 F. Supp. 968, 971 (D.N.J. 1996)). However, "where a magistrate judge is authorized to exercise [his] discretion, the decision will be reversed only for an abuse of discretion." *Rhett v. N.J. State*, No. 07-1310, 2007 WL 1456199, at *2 (D.N.J. May 14, 2007).

## III.   DISCUSSION

The Compass Defendants contend that the Court should reverse the Rule 11 Order because Plaintiff's conduct in this case warrants sanctions and delaying the filing of the Rule 11 motion until after discovery would fail to deter Plaintiff from committing additional Rule 11 violations. (Mov. Br. at 7 & 9). Specifically, the Compass Defendants argue that Plaintiff has made various sanctionable statements to the Court, including: (i) statements on the record from the November 1, 2022, Telephone Conference conceding that the LMRA does not apply to their claims (D.E. No.

121 at 30, 37); (ii) a statement in a letter from January 19, 2023, which stated that Plaintiff had "viable non-LMRA claims," (D.E. No. 128); and (iii) a statement in Plaintiff's January 25, 2023 letter providing that Judge Linares never held that there were only LMRA claims in this case (D.E. No. 130). (Mov. Br. at 8 & 10). Though Plaintiff has expressly admitted that his claims are without any factual support, the Compass Defendants point out that rather than conceding his loss and withdrawing his claims, Plaintiff instead now attempts to pursue "non-LMRA claims" that the Court made clear do not exist. (*Id.*). The Compass Defendants assert that it is reasonable to order Plaintiff to withdraw his Complaint when his counsel, with candor to the tribunal, conceded that his LMRA claims lacked any support. (*Id.* at 9). Moreover, the Compass Defendants contend that it is a misuse of the Court's process to allow Plaintiff to conjure non-LMRA claims into existence in the sixth year of litigation, as Plaintiff now attempts to do. (*Id.*). As such, the Compass Defendants argue that the Rule 11 Order should be reversed because Plaintiff's conduct objectively warrants sanctions. (*Id.*). And though Judge Allen denied the motion for sanctions as premature, the Compass Defendants contend that delaying the filing of the Rule 11 motion until after discovery would fail to deter Plaintiff from committing additional Rule 11 violations. (*Id.*). Moreover, the Compass Defendants argue that the Rule 11 Order was contrary to the law because it denied Compass Defendants' request for leave to file Rule 11 sanctions as premature without explanation even though they sought leave to file the Rule 11 motion as soon as practicable, after the November 1, 2022, Telephone Conference, which conforms with the Third Circuit's supervisory rule that provides Rule 11 sanctions must be filed in the district court before final judgement is entered. (Mov. Br. at 10).

In Opposition, Plaintiff argues that the Rule 11 Order is not clearly erroneous because the Compass Defendants failed to meet their burden of demonstrating entitlement to such relief at this

14

time. (Opp. Br.). In support of his argument, Plaintiff contends that (i) there is no evidence in the record to suggest the claims in this case are meritless; (ii) the Compass Defendants have admitted to, and therefore had notice of, both union and non-union claims, and both LMRA and non-LMRA claims; and (iii) the Court never determined that only LMRA claims were pending. (Opp. Br. at 11–12). Plaintiff argues that sanctions are not appropriate based on Judge Linares's previous ruling because Judge Linares never stated, nor was asked to determine, that non-union (non-LMRA) claims be dismissed. (*Id.* at 15 (citing D.E. No. 29-1)). Further, Plaintiff argues that the Compass Defendants incorrectly claim they were not on notice of the non-union (non-LMRA) claims (Mov. Br. at 9), because they allegedly admitted to the contrary in their pleadings. (*See* D.E. No. 90 ¶ 64 ("Defendants admit that Paragraph 64 of the Second Amended Complaint purports to bring this action on behalf of Plaintiff and *all* other wage employees of the Defendants who were deprived hourly wages, but deny that there is any basis in law or fact of such claims.") (emphasis added)). Lastly, Plaintiff claims that the Compass Defendants are misstating Mr. Bowman's statements on the record to allege that Plaintiff believes the pending claims are meritless. (Opp. Br. at 18). Plaintiff, however, maintains that the claims have significant monetary value and explains that any statements to the contrary were the result of Mr. Bowman's lack of preparation on the issues before Judge Allen. (*Id.* at 19). Therefore, Plaintiff maintains that Judge Allen's Text Order is not clearly erroneous. (D.E. No. 154, Opp. Br. at 19).

In Reply, the Compass Defendants contend that they never admitted that Plaintiff had viable non-LMRA claims. (Reply at 2). Further, though Plaintiff seems to suggest that his non-LMRA claims exist simply because some putative class members are non-union employees, the Compass Defendants maintain that the LMRA covers both union and non-union private sector employees, thereby undercutting Plaintiff's position. (*Id.*). And regardless, by repeatedly stating

15

that he has no basis for LMRA claims and then not dismissing them upon request, the Compass Defendants argue that Plaintiff's conduct objectively warrants sanctions. (*Id.* at 3). For the reasons set forth below, the Court finds that Judge Allen's Rule 11 Order was not clearly erroneous or contrary to law and thus must be affirmed.

Rule 11 sanctions are "appropriate only if the filing of the complaint constituted abusive litigation or misuse of the court's process." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994). In practice, Rule 11 "requires an attorney who signs a complaint to certify both that it is not interposed for improper purposes, such as delay or harassment, and that there is a reasonable basis in law and fact for the claim." *Napier v. Thirty or More Unidentified Federal Agents, Employees or Officers*, 855 F.2d 1080, 1090 (3d Cir.1988) (footnote omitted). The decision to grant a motion for sanctions falls within the discretion of the district judge. *See Thomas & Betts Corp. v. Richards Mfg. Co.*, 342 F. App'x 754, 762 (3d Cir.2009). "A 'district court must exercise discretion and sound judgment in dealing with the myriad methods with which lawyers may abuse the judicial process.'" *Zion v. Nassan*, 727 F. Supp. 2d 388, 409 (W.D. Pa. 2010) (citing *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 540 (3d Cir.1985)). The "safe harbor" provision of Rule 11 requires a moving party to serve a motion for sanctions under Federal Rule of Civil Procedure 5, and to allow for the opposing party to take remedial action "within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2): *see Cannon v. Cherry Hill Toyota, Inc.*, 190 F.R.D. 147, 158–59 (D.N.J.1999).

The legal standard for evaluating the conduct alleged to violate Rule 11 is "reasonableness under the circumstances." *Brubaker Kitchens, Inc. v. Brown*, 280 F. App'x 174, 184 (3d Cir. 2008) (internal citations omitted). An attorney must conduct a reasonable inquiry before filing a lawsuit and may only pursue an action if the attorney reasonably believes that facts exist to support the

16

allegations.  *Zion v. Nassan*, 727 F. Supp. 2d 388, 411 (W.D. Pa. 2010) (citing Fed. R. Civ. P. 11(b)(3)).  Therefore, reasonableness is "an objective knowledge or belief at the time of filing a challenged paper[,] that the claim was well grounded in law and fact."  *Ford Motor Co. v. Summit Prods. Inc.*, 930 F.2d 277, 289 (3d Cir. 1991).

Rule 11 does not specify when a motion for sanctions must be filed, however, the Advisory Committee Notes recommend that a "party seeking sanctions should give notice to the court and the offending party *promptly* upon discovering the basis for doing so."  *Pensiero*, 847 F.2d at 99 (emphasis added).  To expedite dispositions, the Third Circuit adopted a supervisory rule that all motions requesting Rule 11 sanctions must be filed in the district court before final judgement is entered.  *Pensiero*, 847 F.2d at 99.  When appropriate, dispositions should be filed earlier, as soon as practicable after the Rule 11 violation discovery.  *Pensiero*, 847 F.2d at 99.  Nevertheless, as courts within this district have emphasized, a Rule 11 motion is premature if it is used for resolving the merits of the parties' legal and factual claims.  *Tiger Supplies Inc. v. MAV Assocs. LLC*, No. 20-15566, 2022 WL 195858, at *1, *2 (D.N.J. Jan. 21, 2022).  Rule 11 cannot be used as a substitute for Rule 56.  *Tiger Supplies Inc.*, 2022 WL 195858, at *2 (citing *Wartsila NSD North America, Inc. v. Hill Int'l, Inc.*, 315 F. Supp. 2d 623, 627 (D.N.J. 2004) ("A [Rule 11] motion should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes.")).  "The Court may sanction attorneys and/or litigants for violations of Rule 11.  However, Rule 11 is not a vehicle for resolving the merits of the parties' legal and factual claims.  Instead, it is meant to penalize abusive litigation tactics and irresponsible lawyering."  *Tiger Supplies Inc.*, 2022 WL 195858, at *1 (citations omitted).

17

As set forth above, Judge Allen denied the Compass Defendants' request for leave to file a Motion pursuant to Fed. R. Civ. P. 11 "as premature" and provided that the Compass Defendants could renew their request to file a Rule 11 Motion in conjunction with any dispositive motions after the close of pre-certification fact and expert discovery. (Rule 11 Order). That decision was not clearly erroneous or contrary to law and the Court agrees with Judge Allen that the Compass Defendants' request for sanctions pursuant to Rule 11 is premature. The Compass Defendants' motion for sanctions is aimed at the merits of their dispute with Plaintiff. Specifically, the Compass Defendants argue that Plaintiff should be sanctioned because "Plaintiff admitted that his claims are patently unmeritorious," thus, the Compass Defendants continue to claim that "Plaintiff should not be allowed to proceed with pre-certification class discovery when he, himself, [has admitted that he] no longer has viable claims." (Mov. Br. at 8). Further, the Compass Defendants point out that rather than conceding his loss and withdrawing his claims, Plaintiff instead now attempts to pursue "non-LMRA claims" that they maintain do not exist. (*Id.*). As such, the Compass Defendants assert that it is reasonable to order Plaintiff to withdraw his operative complaint when his counsel, with candor to the tribunal, conceded that his LMRA claims lacked any support and that Plaintiff's failure to do so warrants sanctions. (*Id.* at 9). In other words, the Compass Defendants seek to summarily dispose of this action using Rule 11. However, the Third Circuit has emphasized that "Rule 11 sanctions should be imposed to penalize irresponsible lawyering, not to address the strength or merits of a claim. The rule is not an appropriate vehicle for resolving legal or factual disputes. Nor . . . can Rule 11 be misused by litigants as a substitute for a Rule 56 motion for summary judgment." *StrikeForce Techs., Inc. v. WhiteSky, Inc.*, No. 13-1895, 2013 WL 5574643, at *4 (D.N.J. Oct. 9, 2013) (citations omitted). Consequently, because the Compass Defendant's motion for sanctions would require the Court to determine whether

18

Plaintiff has any remaining viable claims in this case, the Court finds that any such motion is premature. *See Oswell v. Morgan Stanley Dean Witter & Co.*, 507 F. Supp. 2d 484, 489 n. 3 (D.N.J. Sept. 6, 2007) (holding "[the movant for sanctions] has not sought, much less obtained, summary judgment against [its adversary on a certain] claim," and "[a] Rule 11 motion is seldom the proper crucible for adjudicating underlying claims that have not been subjected to dispositive motion practice or trial"). The Court's review of the merits of Plaintiff's remaining claims in this case is best reserved for a summary judgment motion, after the parties have an opportunity to fully brief the viability and substance of Plaintiff's claims. The Compass Defendants may file a new and separate motion under Rule 11 for sanctions—if appropriate—simultaneously with a motion for summary judgment once they are granted leave to do so. *See Tiger Supplies Inc.*, 2022 WL 195858, at *2 (denying motion for Rule 11 sanctions, but noting "the parties may file motions for summary judgment," and that the movants seeking sanctions "may resubmit their motion for sanctions, if they feel it is still appropriate, after the Court rules on summary judgment"). Therefore, the Court is not convinced that the Rule 11 Order was clearly erroneous and finds that Judge Allen's Rule 11 Order should be affirmed.

**IV.    CONCLUSION**

For the foregoing reasons, Judge Allen's Rule 11 Order is **AFFIRMED**, and Defendants' request for leave to file a motion pursuant to Federal Rule of Civil Procedure 11 is **DENIED** as premature. An appropriate Order accompanies this Opinion.

**Dated:** August 26, 2024                                          *s/ Esther Salas*
                                                                                         **Esther Salas, U.S.D.J.**